

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**FAGAN DICKSON**
FIRST ASSISTANT

December 14, 1948

Hon. I. Predecki
County Auditor
Galveston County
Galveston, Texas

Opinion No. V-733

Re: The disposition to be
made of the fees of a
constable for serving
the first notice in
eviction actions.

Dear Sir:

Reference is made to your recent request which
reads, in part, as follows:

"As you know, all County Officials must
file their Annual Reports as required in Arti-
cle 3897, R.C.S., as amended.

"Mr. Henry Feigle, Constable, Prec. #1,
Galveston County, has executed his report.
He did not account for fees that are paid,
but to the best of my knowledge, are not
stipulated in the Statutes, for serving the
first notice in evictions. . .

"Mr. Feigle takes the position that he
does not have to account for the fees that
he receives for the notices served referred
to."

We assume that the Constable gave the notice
under Article 3973 and Section 1 of Art. 3975, V. C. S.,
which provide as follows:

"If any person (1) shall make an entry
into any lands, tenements or other real pro-
perty, except in cases where entry is given
by law, or (2) shall make any such entry by
force or (3) shall wilfully and without force
hold over any lands, tenements or other real
property after the termination of the time
for which such lands, tenements or other real
property were let to him, or to the person
under whom he claims, <u>after demand made in</u>

> <u>writing for the possession thereof by the</u> <u>person or persons entitled to such posses-</u> <u>sion</u>, such person shall be adjudged guilty of forcible entry and detainer, or of forcible detainer, as the case may be. Any justice of the peace of the precinct where the property is situated shall have jurisdiction of any case arising under this title." (Emphasis added)

Art. 3975.

> "A person shall be adjudged guilty of forcible detainer also in the following cases:

> "1. Where a tenant at will or by sufferance refuses, after demand made in writing as aforesaid, to give possession to the landlord after the termination of his will. . . . "

In passing upon a similar question in the case of Moore v. Sheppard, 144 Tex. 537, 192 S.W.(2d) 559, the Supreme Court stated:

> "The Clerks of the Courts of Civil Appeals are not entitled to receive extra compensation for services performed within the scope of their official duties prescribed by law. The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform . . .

> "There being no statutory duty requiring petitioners to furnish uncertified, unofficial copies of opinions of the Courts of Civil Appeals, no statute fixing any fee for such services, and no valid statute requiring that money received therefor be deposited in the State Treasury, there is no debt owing by petitioners to the State. Since petitioners are not required to account to the State Treasurer, under the existing statutes, for such receipts, they cannot be required to execute an affidavit that such

funds have been deposited in the State Treasury as a condition for the delivery of their monthly salary warrants."

It will be noted that the above statutory provisions do not make it an official function of the Constable to serve the notice required by Art. 3973, V. C. S., nor are we able to find any such statute. As stated in the case of Moore v. Sheppard, supra, "the general principle prohibiting public officials from charging fees for the performance of their official duties, does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform." Therefore, in the absence of statutory prohibition, the Constable of your county may retain the money which he may receive for serving written notice in eviction cases, since there is no authority to the effect that such money is a fee of office for which he is accountable.

## SUMMARY

A Constable who receives money for serving written notice in eviction cases is not required to account for same. Moore v. Sheppard, 144 Tex. 537, 192 S.W.(2d) 559.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:bh:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL